UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

ELIZABETH BRYAN, f/k/a ELIZABETH REED,     **COMPLAINT – CLASS ACTION**
individually and on behalf of others similarly situated,     **JURY TRIAL DEMANDED**

            Plaintiff,

vs.

NATIONAL ENTERPRISE SYSTEMS, INC.,
a foreign corporation,

            Defendant.
---------------------------------------x

## INTRODUCTION

1. This is an action for damages pursuant to 15 U.S.C. §1692 et seq. (the "FDCPA"). The FDCPA broadly prohibits unfair or unconscionable debt collection methods; conduct which harasses, oppresses or abuses any debtor and any false, deceptive or misleading statements, in connection with the collection of a debt. In the instant matter, Defendant's acts in connection with collection of the alleged underlying debt failed to comply with one or more of the mandated requirements of the aforesaid federal statute.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 2201 and 15 U.S.C. § 1692.

3. The Eastern District of New York is the proper venue for this action and personal jurisdiction over the parties arises in this district because a substantial part of the events or omissions giving rise to the claim occurred here. See, 28 U.S.C. § 1391(b)(2).

## THE PARTIES

4. Plaintiff, ELIZABETH BRYAN, is a natural person who resides in MT. SINAI, SUFFOLK COUNTY, NEW YORK.

5. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

6. Defendant, NATONAL ENTERPRISE SYSTEMS, INC. ("NES") is an Ohio corporation whose principal office is located at 29125 SOLON ROAD, SOLON, OH 44139.

7. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## FACTS

8. Defendant advertises on its website, www.nes1.com, that it is a "full-service debt collection agency licensed in all fifty states and offering a full range of accounts receivable management services to credit grantors nationwide."

9. In addition to offering accounts receivable management services to "credit grantors nationwide," Defendant also offers debt collection services to purchasers of delinquent debt, such as PINNACLE CREDIT SERVICES, LLC.

10. On July 23, 2012 or some date thereafter, Defendant sent or caused to be sent through the mails a debt collection letter addressed to Plaintiff at her residence in Mount Sinai, New York. Plaintiff received the letter in the month of August, 2012. Defendant's July 23, 2012 letter is attached hereto as Exhibit A.

11. According to Exhibit A, Defendant sought to collect from Plaintiff a personal debt in the amount of $678.56 dollars asserted to be owed or due another - namely, PINNACLE CREDIT SERVICES, LLC ("PCS").

12. Exhibit A identifies PCS as the "Service Provider" associated with the alleged debt and further, states the "Date of Service" as 01/26/2006.

13. Plaintiff is informed and believes and thereupon alleges that Defendant's collection letter is intended to convey the message that Plaintiff is indebted to PCS for services rendered to her on 01/26/2006 by PCS.

14. Plaintiff is informed and believes and thereupon alleges that Defendant has actual knowledge that PCS in fact provided none of the goods or services which resulted in the alleged debt referenced in Exhibit A.

15. Exhibit A also contains the following paragraph:

*Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.*

16. Exhibit A was Defendant's *initial communication* with the Plaintiff in connection with the collection of the alleged PSC debt.

17. On or about August 31, 2012, Plaintiff sent to Defendant a written notification that she disputed all portions of the alleged PCS debt. A copy is attached hereto at Exhibit B.

18. On or about October 12, 2012, Defendant, upon information and belief, responded to Plaintiff's Exhibit B with the documents attached hereto as Exhibit C, which is comprised of a letter dated October 12, 2012 stating, *inter alia*, "Enclosed is the information you requested on your account." The letter also identifies the "original creditor" as Citibank, and references a 16-digit account number beginning with 6035 (the "6035 account").

19. Also included in Exhibit C is an affidavit from Robert M. Schofield, an employee of PCS, and a "Summary Account Statement," referenced as an exhibit to the Schofield affidavit.

20. Nowhere in Schofield's affidavit, nor in the accompanying "Summary Account Statement," is PCS identified as the "Service Provider."

21. Nowhere in any of the documents which comprise **Exhibit C** does Defendant provide the address of the alleged original creditor, Citibank whom, upon information and belief, has more than 1,000 offices and divisions throughout the United States.

22. Plaintiff's statement that PCS provided the services giving rise to the debt referenced herein is false and deceptive, intended to lend credence to Defendant's claim that Plaintiff is indebted PCS.

23. Plaintiff's omission of the alleged original creditor's address is intended to hamper Plaintiff's ability to investigate the veracity of Plaintiff's claim.

24. The FDCPA is a strict liability statute, and a single violation is sufficient to establish liability. *Woods v. Sieger, Ross & Aguire, LLC*, No. 11-Civ-5698 (S.D.N.Y., May 18, 2012).

25. Any potential bona fide error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon them by the FDCPA must fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S.Ct. 1605 (2010).

26. In determining whether the FDCPA has been violated, the Second Circuit uses an objective standard, based on how the "least sophisticated consumer" would interpret the debt collector's notice. *McStay v. IC System, Inc.*, 174 F. Supp. 2d 42 (S.D. New York 2001).

27. Both the reasonable and the "least sophisticated" consumer would perceive the language contained in Exhibit A to mean that Defendant was attempting to collect a debt arising from services provided by PCS when, in fact, such a statement is patently false.

## COUNT I (Plaintiff Only)

### *The Defendant Violated 15 U.S.C. § 1692g*

28. The allegations of paragraphs 1 through 27 are incorporated herein by reference.

29. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

30. Defendant, by failing to comply with its statutory duty to provide both the name and address of the original creditor, committed a violation of 15 U.S.C. § 1692g(b).

31. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up $1000 in statutory damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

## COUNT II (Plaintiff and the Class)

### *The Defendant Violated 15 U.S.C. § 1692e and e(2)*

32. The allegations of paragraphs 1 through 27 are incorporated herein by reference.

33. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

34. 15 U.S.C. § 1692e(2) specifically prohibits a debt collector from making false representations regarding the character, amount, or legal status of any debt.

36. Defendant did falsely represent that the debt it sought to collect arose from services provided by its client, PCS when, in fact, no such services were provided.

37. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up $1000 in statutory damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

## CLASS ALLEGATIONS

38. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of herself and a class of similarly situated individuals.

39. Plaintiff is informed and believes and thereupon alleges that the debt collection letter attached to the Complaint as Exhibit A is a form letter, identifying to all recipients thereof PCS as the "Service Provider" in materially the same manner as Exhibit A.

40. By identifying PCS, a debt collector, as the recipient's "Service Provider," Defendant misleads the least sophisticated consumer as to PCS's true identity as a debt collector and mischaracterizes the alleged debt as one in which the goods and services giving rise to the alleged debt were provided by PCS.

41. Plaintiff is informed and believes and thereupon alleges that the form letter attached to the Complaint as Exhibit A has been sent to dozens, if not hundreds of individuals in the State of New York, each letter falsely implying that a debt collector, PCS, provided the goods or services resulting in the underlying debt owed by the respective recipients.

42. Accordingly, the Class consists of (a) all natural persons with addresses in the State of New York (b) who were sent a letter materially similar to the letter attached as Exhibit A

(c) not returned to sender as undeliverable (d) seeking to collect a debt and (e) identifying Pinnacle Credit Services, LLC as the recipient's "Service Provider," during the time frame (f) beginning on or after a date one year prior to the filing of this action, (g) and ending twenty (20) days after the filing of this action.

43. The class members are so numerous that joinder is impracticable.

44. Plaintiff is informed and believes and thereupon alleges that there are more than forty (40) natural persons with addresses in the State of New York who were sent a letter materially similar to the letter attached as Exhibit A, not returned to sender as undeliverable, seeking to collect a debt and identifying Pinnacle Credit Services, LLC as the recipient's "Service Provider," during the time frame beginning on or after a date one year prior to the filing of this action and ending twenty (20) days after the filing of this action.

45. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant questions are:

    a. Whether Defendant's form debt collection letter falsely identifies PCS as the recipient's "Service Provider";

    b. Whether the false and deceptive language in Defendant's debt collection letter would mislead or confuse the least sophisticated consumer;

    c. whether debt collection letter at issue violates the FDCPA.

46. Plaintiff's claim is typical of the claims of the class members. All are based upon the same factual and legal theories.

47. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

48. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The few individual claims which might be filed by consumers is unlikely to affect the conduct of the Defendant. Only a class action will deter future unlawful activity.

WHEREFORE, Plaintiff request that this Court enter judgment in favor of the Plaintiff and against Defendant for:

      a. Statutory damages pursuant to 15 U.S.C. § 1692k ;

      b. Attorney's fees and costs of bringing this action;

      c. A declaratory ruling that Defendant's conduct as described herein constitutes a violation of the FDCPA;

      d. Such other or further relief as the Court deems proper.

KLEINMAN LLC

*/s/ Abraham Kleinman*
Abraham Kleinman (AK-6300)
626 RXR Plaza
Uniondale, New York 11556-0626
Telephone    (516) 522-2621
Facsimile    (888) 522-1692
E-mail:      akleinman@kleinmanllc.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

*/s/ Abraham Kleinman*
Abraham Kleinman (AK-6300)

**EXHIBIT A**



**NATIONAL ENTERPRISE SYSTEMS**
29125 Solon Road • Solon, OH 44139-3442

July 23, 2012

14623095 PCS056
Elizabeth Reed
[address redacted]

RE: PINNACLE CREDIT SERVICES LLC
Client ID: JZ183673
For: Citibank
6035510123488862
Date of Referral: 07/19/2012
Date of Service: 01/29/2006

Please contact: (800) 261-3137

Total Amount Due: $678.56

This account has been listed with our office for collection.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

| Service Provider | Account # | Total Due |
|---|---|---|
| PINNACLE CREDIT SERVICES LLC | 14623095 | $678.56 |
| | Total Amount Due: | $678.56 |

You can now pay by automated phone system at (800) 238-0868 or on the internet at https://www.paymynesbill.com. Just enter your account number 14623095. You are not required to use the automated phone system or the internet to make payment on this account. If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

***PLEASE COMPLETE AND RETURN THE FORM BELOW WITH YOUR PAYMENT.***



ONNES102
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

Daytime Phone: (___) ___ - ____
Evening Phone: (___) ___ - ____
☐ Enclosed is Payment in Full

224

Please forward all payments and correspondence to:
NATIONAL ENTERPRISE SYSTEMS
29125 Solon Road
Solon OH 44139-3442

001   835569138
*PERSONAL & CONFIDENTIAL*
Elizabeth Reed
[address redacted]                         3L4

| July 23, 2012 | | 14623095 | PCS |
|---|---|---|---|
| Client ID: | JZ183673 | | |
| Amount Due: | $678.56 | Amt Paid: $ | |

**EXHIBIT B**

To: National Enterprise Systems

29125 Solon Road

Solon, OH 44139-3442


From: Elizabeth Bryan

~~[redacted address]~~

~~[redacted city, state, zip]~~


Re: Account Number 14623095


    I am writing you to dispute the validity of this debt with Pinnacle Credit Services, LLC. Pinnacle is not my creditor. I have never entered into any business agreements with Pinnacle Credit Services, LLC and do not see how I can hold any financial liability to them. Please provide me with the name and address of the original creditor.


Elizabeth Bryan   8/31/2012

**EXHIBIT C**

NATIONAL ENTERPRISE SYSTEMS
Professional Debt Collectors
29125 Solon Road
Solon, OH 44139-3442

October 12, 2012

ELIZABETH REED 14623095
~~[address redacted]~~
~~[address redacted]~~

RE: PINNACLE CREDIT SERVICES, LLC
Client ID: JZ183673
Original Creditor: CITIBANK
6035510123488862
Date of Referral: 07/19/2012
Date of Service: 01/29/2006

Please contact: (877) 603-7165

Total Amount Due: $    678.56

Enclosed is the information you requested on your account.

If you have any further questions, do not hesitate to call me at (877) 603-7165.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

You can now pay by automated phone system at (800) 238-0868 or on the internet at https://www.paymynesbill.com. Just enter your account number 14623095. You are not required to use the automated phone system or the internet to make payment on this account. If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

*NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION*

#F146230095

STATE OF MINNESOTA   )
                    )  ss.
COUNTY OF HENNEPIN   )

RECEIVED
NEW ...

SEP 3 8 2012

5230 COCHRAN PL.
SOLON, OH 44139

The Affiant, being duly sworn, deposes and states as follows:

1. The Affiant's full name is Robert M. Schofield.

2. The Affiant is employed by Pinnacle Credit Services, LLC ("PCS") and is authorized by PCS to execute this Affidavit.

3. The Affiant bases the statements in this Affidavit on personal knowledge regarding PCS's purchases, sales, and collection operations, and all statements herein are to the best of the Affiant's present knowledge.

4. PCS is the assignee of that certain account and its corresponding information identified as JZ183673, Account Number 6035510123488862, for -, with a balance due and owing as of 09/13/2012 in the amount of $678.56; the same being true and correct, valid and owing as of the aforementioned date ("Account"). Attached hereto as an Exhibit is PCS' Summary Account Statement related to the foregoing.

5. Said Account has been forwarded to NATIONAL ENTERPRISE SYS. INC, who has been granted full power and authority to do and perform all acts necessary for the collection, settlement, adjustment, compromise or satisfaction of said claim. Further, the Affiant states, to the best of Affiant's knowledge, information and belief, all payments have been credited, and all appropriate adjustments and offsets have been made, to the Account.

FURTHER AFFIANT SAITH NOT.

_____
Robert M. Schofield

Subscribed and sworn to before me
this 13 day of September, 2012.

_____
NOTARY PUBLIC

LINDA K TIGEN
NOTARY PUBLIC, MINNESOTA
My Commission Expires Jan 31, 2015

JZ183673_3_0

- 123



# PINNACLE
## CREDIT SERVICES, LLC

## SUMMARY ACCOUNT STATEMENT

DATE:                          09/13/2012

NAME:                          -
ADDRESS:                       -
                               -

PCS ACCOUNT #:                 JZ183673

ORIGINAL ISSUER:               Citibank
ORIGINAL ISSUER ACCOUNT #:     6035510123488862

CHARGE-OFF DATE:               1/7/2009
LAST PAYMENT DATE:             5/29/2008

CHARGE-OFF BALANCE:            $678.56
INTEREST RATE:                 0.00 %
ACCRUED INTEREST:              $0.00

CURRENT BALANCE DUE:           $678.56


PO Box 640 • Hopkins MN 55343
Telephone: (952) 939-8100 • FAX: (952) 935-9734 • Toll Free: (888) 809-2320

JZ183673_3_0                                                          - 123

**Colorado Residents:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA.

The National Enterprise Systems, Inc. Resident Manager for the State of Colorado is:

Virtuoso Sourcing Group
3033 S. Parker Road Suite 1000
Aurora, CO 80014
303-597-6136

**Maine Residents:**
Office Hours: M-Th 8:00 AM – 9:00 PM EST, Fri 8:00 AM – 5:00 PM EST, Sat 8:00 AM – 12:00 noon EST.
Phone number: 877-603-7165

**Massachusetts Residents:**
Office Hours: M-Th 8:00 AM – 9:00 PM EST, Fri 8:00 AM – 5:00 PM EST, Sat 8:00 AM – 12:00 noon EST.
Massachusetts Address: 15 Union Street, Lawrence, MA 01840.

NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

Phone Number: 877-603-7165

**Minnesota Residents:**
This collection agency is licensed by the Minnesota Department of Commerce.

**New York City Residents:**
New York City Department of Consumer Affairs License Number: 1129025

Phone number: 877-603-7165
Compliance Department Manager: Elizabeth Conklin

**North Carolina Residents:**
North Carolina Permit Number: 101691

**Tennessee Residents:**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**Wisconsin Residents:**
This collection agency is licensed by the Division of Banking, P.O. Box 7876, Madison, Wisconsin 53707.